[Civ. No. 4244.   Fourth Dist.   Sept. 6, 1951.]

JOHN H. THOMSEN, Plaintiff and Respondent; SAN DIEGO PACKING COMPANY et al., Cross-Defendants and Respondents, v. YANKEE MARINER CORPORATION (a Corporation) et al., Appellants.

John G. Robertson for Appellants.

J. A. Donnelley for Respondents.

BARNARD, P. J.—This is an action under section 2236 of the Corporations Code to determine the validity of an election of directors.

The Yankee Mariner Corporation was organized in 1948 for the purpose of purchasing and operating a tuna fishing vessel known as the "Yankee Mariner." One section of the articles of incorporation, known as article 6-c, provided that before a valid sale of any share could be made the holder must give written notice; that for 40 days the other shareholders would have the right to buy such shares; and that any sale would be void if this condition was not complied with.

This vessel was lost at sea on October 19, 1949. For some months thereafter a claim was pending under an insurance policy covering the loss of the vessel. During this period a difference of opinion arose as to what should be done with the insurance money when collected. The then board of directors announced an intention of using this money to go into the deep freeze business. Some of the stockholders desired to dissolve the corporation and distribute its assets among the stockholders.

On March 8, 1950, the San Diego Packing Company, the largest stockholder, entered into an agreement with a Mr. and Mrs. Lang, by which it agreed to buy 67.5 shares owned by them, subject to the approval of the sale by the Corporation Commissioner. The agreement further provided that upon the dissolution of the corporation the Langs were to receive, in addition to the named purchase price, their full share of any remaining assets. On the same day, San Diego Packing Company entered into a similar agreement with Genevieve Napier for the purchase of 67.5 shares held by her. On the same day, the Langs and Napier gave their proxies to J. A. Donnelley, irrevocable for 90 days, granting him the right to vote this stock for the purpose of removing the then directors of the corporation and electing new directors.

On March 22, 1950, a regularly called meeting of the stockholders was held at the office of the corporation in Long Beach. By votes representing more than a majority of the issued stock, with the use of the Lang and Napier stock, the then board of directors was removed from office and a new board of directors was elected. Mr. and Mrs. Lang and

Genevieve Napier were personally present, voting their stock to this end, and the proxies given to Donnelley were not used or produced at the meeting. On March 23, 1950, with the written consent of stockholders thus holding more than a majority but less than two thirds of the stock, the new board of directors adopted resolutions moving the office of the corporation to San Diego, and amending the articles of incorporation by striking out the whole of article 6-c.

This action was filed on April 3, 1950. The defendant answered, denying the right of the Langs and Napier to vote their stock, and filed a cross-complaint asking specific performance of article 6-c. Shortly before the trial the underwriters paid $272,250 for the loss of the vessel.

The court found that all of the allegations of the complaint were true; that this was a valid election and the new board of directors was validly elected; that by the action of the board of directors, with the consent of a majority of the shareholders, the articles of incorporation have been duly and legally amended; that article 6-c has been legally stricken from the articles and is no longer of any effect whatsoever; that the San Diego Packing Company entered into an agreement with the Langs and Napier to buy their stock, but this sale was never consummated; and that there is no evidence of fraud or any inequitable conduct in connection with the agreements to sell stock or with the giving of these proxies to Donnelley. Judgment was entered accordingly and the defendants have appealed.

It is first contended that article 6-c was a valid option contract giving the appellants the right to purchase the Lang-Napier stock; that the agreements entered into between the Langs and Napier and the San Diego Packing Company breached this option contract; and that it follows that this stock should be deemed to be held in trust for the appellants. While not directly stated, the contention seems to be that the Langs and Napier had no right to vote this stock because it had been improperly sold and because the former owners had given their proxies to Donnelley.

The agreement to sell this stock was conditional, and the sale was never consummated. Before any of the necessary steps to consummate the sale were taken the parties proceeded along other lines. The Langs and Napier were still stockholders of record, and entitled to vote the stock. (Corp. Code, § 2215.) The proxies given to Donnelley were not coupled with an interest, and the powers of the

proxy holder were suspended when these stockholders appeared in person and elected to vote their stock in person (Corp. Code, § 2228). These persons were properly permitted to vote this stock and no error appears in the court's findings and conclusions in this connection.

The appellants further contend that the finding which was carried into the judgment, that article 6-c was duly and legally stricken and is no longer of any effect, is erroneous because section 3634, subdivision (h) of the Corporations Code requires the vote or written consent of the holders of two thirds of the outstanding shares, in order to adopt any amendment of the articles which would adversely affect any options or rights theretofore granted to stockholders to purchase other shares. It is further argued that even if article 6-c could have been stricken on March 23, 1950, it would still be valid and subsisting as a contract with reference to the proposed sale of stock to San Diego Packing Company; and that the effect of the judgment is to leave these parties free to transfer their stock to San Diego Packing Company if they so desire. While this would make no difference if the plan to dissolve the corporation and distribute its assets is carried out, it might be material under other circumstances. Whether or not the appellants had a true option to purchase this stock, it must be held that they had "rights theretofore granted . . . to purchase other shares of the corporation" within the meaning of section 3634(h) of the Corporations Code. Since this amendment was not consented to by the holders of two thirds of the outstanding stock, the finding here attacked is without support in the evidence.

The judgment is modified by striking therefrom that portion which reads "That Subsection (c) of Article Six of the Articles of Incorporation has been duly and legally stricken from the said Articles of Incorporation and is no longer of any effect whatsoever." As so modified, the judgment is affirmed. Each party to pay its own costs.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied September 25, 1951.